UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KEITH L. BLACKWELL,　　　　　　　　　　　　　　　　　Case No. 3:19-cv-01264-MC

　　　　Petitioner,　　　　　　　　　　　　　　　　　　　　　　　　　　　ORDER

　　v.

J. SALAZAR, Warden,

　　　　Respondent.
_____

MCSHANE, District Judge:

　　　　Petitioner, an inmate at the Federal Correctional Institution in Sheridan, Oregon, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and seeks correction of his 2014 sentence. Petitioner contends that a 2004 California felony conviction used to calculate his sentence was retroactively reduced to a misdemeanor conviction in 2015 and would now result in a lower criminal history category. Petitioner also argues that the sentencing court erroneously found that a 1989 conviction served as a predicate felony to support a sentence under the career offender provisions of the United States Sentencing Guidelines.

1　　- OPINION AND ORDER

Generally, a federal prisoner who seeks to challenge the legality of his sentence must file a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 rather than a federal habeas petition under § 2241. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." *See Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (citation omitted). Petitioner may seek § 2241 habeas relief under the "escape hatch" exception only if the relief provided by § 2255 is "inadequate or ineffective to test the legality of his detention." *Id.*; 28 U.S.C. § 2255(e). Pursuant to this exception, petitioner must make a claim of "actual innocence" and show that he has not had "'an unobstructed procedural shot' at presenting that claim." *Stephens*, 464 F.3d. at 898 (citation omitted).

Here, petitioner does not explain whether he attempted to file a motion under § 2255 to challenge or correct his sentence, and he does not allege actual innocence. Before this case can proceed, petitioner must explain why he did not have an "unobstructed" opportunity to bring a § 2255 motion challenging his sentence, and he must make a viable claim of actual innocence.

## CONCLUSION

Within thirty days from receipt of this Order, petitioner must explain why he is eligible for habeas relief pursuant to 28 U.S.C. § 2241.

IT IS SO ORDERED.

DATED this 18th day of September, 2019.

s/ Michael J. McShane<br>
Michael J. McShane<br>
United States District Judge